UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80342-CIV-COHN

BOBBI EICKE O'BRIEN,

Magistrate Judge Snow

    Plaintiff,

vs.

MICHAEL CHAPARRO, M.D. and
COLUMBIA PALMS WEST HOSPITAL
LIMITED PARTNERSHIP, d/b/a Palms West Hospital,

    Defendants.
_____/



## ORDER REGARDING MOTIONS IN LIMINE

THIS CAUSE is before the Court upon Defendant Palms West's Motion to Determine Admissibility of Evidence Pursuant to Fed. R. Evid. 412 [DE 55-56 (under seal)], Defendant Chaparro's Motion to Determine Admissibility of Evidence Pursuant to Fed. R. Evid. 412 [DE 88 (under seal)], Defendant Palms West's Motion in Limine to Exclude Certain Evidence [DE 57], Plaintiff's Motion in Limine to Exclude Evidence Pursuant to Fed. R. Evid. 412 [DE 59], Plaintiff's Motion in Limine to Exclude Evidence Relating to Plaintiff's 2001 and 2002 Tax Returns [DE 60], Plaintiff's Motion in Limine to Exclude Evidence Relating to Third-Party Witness Donya Quesada [DE 61], and Defendant Palms West's Motion in Limine to Exclude Expert Testimony [DE 63]. The Court has carefully considered the motions and is otherwise fully advised in the premises.



## I. BACKGROUND[1]

In this hostile environment sex harassment case, each party has filed motions in limine regarding various evidence that may be presented in this case. Though in a typical case the Court generally prefers to address evidentiary issues at the time the evidence in question is introduced, in this particular case, there are several issues of potentially prejudicial evidence that should be addressed prior to trial. The Court notes that If any pending motions are not ruled upon herein, the Court will address the remaining pending motions at the Calendar Call on December 8, 2005.

## II. DISCUSSION

### A. Rule 412 Motions[2]

All parties have filed motions pursuant to Rule 412 of the Federal Rules of Evidence. This rule states that evidence offered to prove that any alleged victim engaged in other sexual behavior or evidence offered to prove any alleged victim's sexual predisposition is not admissible in a civil case unless its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.

The parties appear to agree that evidence regarding sexual activity outside of the workplace (Palms West Hospital) is inadmissible. The Court concludes that any

---

[1] For a full background of this case, the Court incorporates by reference its Order Denying Motions for Summary Judgment (December 6, 2005).

[2] The Court concludes that this order need not be sealed, as the Court is not revealing any details regarding private activity protected by Rule 412. The various sealed filings by the parties shall remain sealed until at least conclusion of the trial in this case.

evidence pertaining to the conduct, sexual history, or out of the work-place sexual activities of both Plaintiff and Defendant Chaparro are inadmissible, including the marital history of both, except for the fact of whether each was engaged or married between April, 2002 and November, 2003.[3]

The next category is Plaintiff's statements to Carol Willis-Holden made outside the workplace regarding the people she met in the workplace. The Court concludes that such statements are inadmissible to the extent they relate to Plaintiff's sexual predisposition. The probative value of these statements made outside of the workplace does not outweigh the prejudicial nature to Plaintiff regarding whether Dr. Chaparro's conduct toward her was unwelcome.[4]

A closer question concerns Plaintiff's work-place comments to co-workers and Plaintiff's work-place conduct, including her style of dress and behavior towards other persons in the workplace. Plaintiff vigorously asserts that a female worker's attitude toward some persons in the workplace does not waive her rights to be protected from harassment by other persons in the workplace. The Court agrees. However, the United States Supreme Court has stated that: "it does not follow that a complainant's sexually provocative speech or dress is irrelevant as a matter of law in determining whether he or she found particular sexual advances unwelcome." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 69 (1986). In determining whether certain acts were

---

[3] The Court notes that the fact of one's marital status is not a sexual behavior or predisposition covered by Rule 412.

[4] The Court also notes that Plaintiff does not oppose the motion to exclude the police report filed by Plaintiff regarding the November 11, 2003 incident.

3

unwelcome, the trier of fact must consider "the context in which the alleged incidents occurred. Id. The various cases cited by Plaintiff at pp. 6-9 of her response to Palms West's Rule 412 motion do not state otherwise. These cases either exclude out of the work-place sexual history or predisposition evidence, or were not deciding admissibility of dress and public behavior in an harassment action.

Therefore, in the context in which the alleged incidents occurred, the Court concludes that the probative value of evidence regarding Plaintiff's dress or behavior in the work-place substantially outweighs the prejudicial nature of these public acts. The elements of an hostile environment claim have both an objective and subjective component. Thus, the reasonableness of such belief and the conclusion regarding the objective component must take into account the entire context. Of course, whether Defendant Chaparro knew about Plaintiff's behavior toward others or her dress is relevant as well. If he had no idea, then the trier of fact may reject his assertion that his conduct was welcome.

### B. Plaintiff's Remaining Motions in Limine

Plaintiff has sought to exclude admission of Plaintiff's failure to file tax returns for the years 2001 and 2002. While this fact may have been admitted through the discovery process, the fact remains remote to the issues of this case. Palms West asserts that the failure to file is a fact that tends to show lack of credibility by Plaintiff and must be admitted. Palms West does not rely on any particular Rule of Evidence, but rather relies on district court decisions from other districts for this proposition.

Under Rule 404(b), evidence of other wrongs or bad acts are generally not admissible to prove the character of a person in order to show conformity therewith,

unless admissible for some other purpose. Palms West makes no other argument for admissibility other than credibility.

The failure to file a tax return may be admissible under Rule 608(b) during cross-examination if it is deemed to concern the witness' character for truthfulness or untruthfulness. Whether someone filed a tax return is not necessarily an act regarding truthfulness or untruthfulness. Even if it is, under a Rule 403 analysis, as Plaintiff argues, the prejudicial nature of such evidence substantially outweighs the remote probative value of whether Plaintiff is telling the truth about the alleged sexual harassment in this case. Therefore, the Court will grant Plaintiff's motion to exclude the failure to file the 2001 and 2002 tax returns.

Turning next to Plaintiff's motion regarding the mental health of witness Donya Quesada, Plaintiff seeks to exclude evidence that she suffers from bipolar disorder. Plaintiff argues that as her condition does not affect her memory, it is not relevant. Palms West asserts that because bipolar disorder can include psychosis or hallucinations, such evidence is relevant. Palms West relies on United States v. Lindstrom, 698 F.2d 1154, 1165-66 (11th Cir. 1983) for admissibility. After analyzing how certain mental health conditions can affect memory or perception, the Court concluded that: "Whether called 'collateral' or not, the issue of a witness' credibility is committed to the providence of the jury. Although the use of psychiatric evidence 'does not fall within the traditional pattern of impeachment, the law should be flexible enough to make use of new resources.'" U.S. v. Lindstrom, 698 F.2d at 1161 (11th Cir. 1983) (internal citations omitted).

Palms West attaches to its opposition to Plaintiff's motion information regarding

5

bipolar disorder from the National Institute of Mental Health ("NIMH"), an arm of the federal government. See Exhibit A to Palms West's Response to Plaintiff's Motion in limine [DE 91]. This description of the symptoms of bipolar disorder do not include distortions of memory or delusions, except "sometimes" during a severe episode of mania or depression, when some symptoms of psychosis can occur, reflecting the severe mood state of the person at the time. Even these temporary psychotic episodes are not accompanied by memory loss. Id.

Palms West also cites to the deposition of Dr. Glenn Caddy, Plaintiff's expert. A psychologist, Dr. Caddy is asked at the end of his deposition whether one who suffers bipolar disorder distorts their perception of events. Deposition of Dr. Glenn Caddy at 104, Exhibit B to Palms West's Response [DE 91] (full deposition filed at DE 71). Dr. Caddy's opinion is that such person does not distort "blatant events," such as a specific set of facts personally observed, but rather may misconstrue subtlety. Id.

The Court concludes that Witness Quesada's mental condition is not relevant to her recollection of specific events absent evidence that the events occurred during her experience of a severe episode of mania or depression. Her testimony will concern her observation of Dr. Chaparro and Plaintiff immediately prior to entry into the stock room and after they left the stock room on November 11, 2003, and her interaction with Dr. Chaparro during or shortly after the investigation into the incident. Under these circumstances and based upon the record in this case, and the absence of evidence that she was experiencing a severe episode at these times, the Court concludes that excluding the mental condition evidence comports with the reasoning in Lindstrom. The Court also notes that Lindstrom was decided over twenty (20) years ago, and relied upon

scholarly articles written in the 1960's. As the NIMH information states, bipolar disorder is a treatable disease that does not impair memory. At the same time, the remaining stigma in our society of mental illness makes admission of such evidence in this case to be substantially more prejudicial than probative. Thus even if relevant, such evidence should be excluded pursuant to Rule 403.

### C. Palms West's Motion to Exclude Testimony of Dr. Caddy

Palms West has moved in limine to exclude large portions of the testimony of Plaintiff's expert witness, Dr. Glenn Caddy. Dr. Caddy, a psychologist, was retained to give an opinion on the emotional damages suffered by Plaintiff. Palms West seeks to exclude any testimony from Dr. Caddy regarding: 1) the element of causation for Plaintiff's retaliation and sexual harassment claims; 2) credibility of other witnesses; 3) opinions on elements and evidence outside of his area of expertise; 4) opinions on the hospital's investigation; and 5) reciting hearsay statements as expert opinion. In response, Plaintiff asserts that she does not intend to use Dr. Caddy to testify that certain events actually occurred (causation) or to comment on credibility of other witnesses. However, Plaintiff does seek to elicit expert testimony from Dr. Caddy regarding the investigation and the effects of the investigation on Plaintiff.

Upon reviewing the motion, response, expert report and deposition, the Court concludes that the motion to exclude testimony should be granted as to Dr. Caddy's comments on credibility, whether events at the hospital actually occurred, and as to opinions regarding the reasonableness of the investigation.[5] While Dr. Caddy may

---

[5] In addition, Dr. Caddy should be instructed by Plaintiff's counsel not to recite facts obtained via hearsay statements as his opinion as to what occurred. In the

7

testify as to the effects of the alleged harassment and of the related investigation on Plaintiff, based upon Plaintiff's perception of the events as reported to Dr. Caddy by Plaintiff, Plaintiff has not met her burden at this time to have Dr. Caddy be accepted as an expert on sexual harassment investigations. While Dr. Caddy is qualified to opine on the effects of this particular investigation on this particular plaintiff, based upon his own observation and examination of Plaintiff, the motion in limine is granted, without prejudice, regarding any of his opinions on the reasonableness of the investigation.

If such opinions were properly disclosed pursuant to the Local Rules, then the Plaintiff may attempt to qualify Dr. Caddy as an expert on proper procedures or techniques of conducting workplace sexual harassment investigations, outside the presence of the jury.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Palms West's Motion to Determine Admissibility of Evidence Pursuant to Fed. R. Evid. 412 [DE 55-56 (under seal)] is hereby **GRANTED in part** and **DENIED in part**;

2. Defendant Chaparro's Motion to Determine Admissibility of Evidence Pursuant to Fed. R. Evid. 412 [DE 88 (under seal)] is hereby **GRANTED in part** and **DENIED**

---

context of describing how Plaintiff experienced damage from the events, Dr. Caddy may testify as to what Plaintiff told him she perceived happened to her as a basis for his damages opinion. However, the Court notes that Dr. Caddy's report contains three single-spaced pages of things that Plaintiff told him that she did not tell Palms West during the investigation. Dr. Caddy's September 1, 2004 report at pp. 18-21, Exhibit A to Palms West's Motion [DE 63]. While reliance on hearsay by a damages expert is necessary, Dr. Caddy's testimony cannot substitute for Plaintiff's testimony on the liability aspect of her claims.

**in part**;

3. Defendant Palms West's Motion in Limine to Exclude Certain Evidence [DE 57] is hereby **GRANTED in part** and **DENIED in part**. The motion is denied as to his behavior after Plaintiff's resignation if it pertains to the investigation into the incident.

4. Plaintiff's Motion in Limine to Exclude Evidence Pursuant to Fed. R. Evid. 412 [DE 59] is hereby **GRANTED in part** and **DENIED in part**;

5. Plaintiff's Motion in Limine to Exclude Evidence Relating to Plaintiff's 2001 and 2002 Tax Returns [DE 60] is hereby **GRANTED**;

6. Plaintiff's Motion in Limine to Exclude Evidence Relating to Third-Party Witness Donya Quesada [DE 61] is hereby **GRANTED**;

7. Defendant Palms West's Motion in Limine to Exclude Expert Testimony [DE 63] is hereby **GRANTED in part**, as described above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of December, 2005.

JAMES I. COHN
United States District Judge

copies to:

Robyn Hankins, Esq.        (Via fax to 561-653-0020)
Rebecca Larson, Esq.       (Via fax to 561-832-0887)
Daniel Losey, Esq.         (Via fax to 954-764-7279)
Alexander Del Russo, Esq.  (Via fax to 561-659-7368)